**No. 47037.**—Protests 867700–G, etc., of Ash Fur Co. et al. (New York).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 47038.**—Protest 78534–K of Bingham & Co., Inc. (New York).

Opinion by EKWALL, J. In view of Abstract 45762 and stipulation of counsel that the ginger is not composed in chief value of manufactured sugar it was held that the tax is not applicable thereto.

**No. 47039.**—Protests 58351–K/90287, etc., of Chinese Trading Co. (Chicago).

Opinion by EKWALL, J. In view of Abstract 45762 and stipulation of counsel that the ginger is not composed in chief value of manufactured sugar it was held that the tax is not applicable thereto.

BEFORE THE SECOND DIVISION, APRIL 3, 1942

**No. 47040.**—Petition 6019–R of James Loudon & Co. (Los Angeles).

Opinion by DALLINGER, J. The manager of the petitioning company herein testified that he had been making entries of jute bags at the port of Los Angeles for the past 18 years and that during that time there had been a uniform customary procedure in entering merchandise of that description, in that prior to each entry the witness would consult with the examiner who was located at San Pedro for the purpose of securing the weekly report concerning the price of such jute bags, and that he would then either reduce or advance the entered values accordingly, and that if any later information were received the importer would be notified. However, in this particular instance it appeared that through oversight the witness was not notified of the change in value as to one entry, which entry was advanced in value, but in the two other entries amendments were prepared to comply with the advice given. However, the witness having left for his vacation, the ultimate consignees, through some oversight, neglected to file the amendments. An officer of the ultimate consignee also testified on behalf of the petitioner. The government presented the testimony of the Treasury customs Agent. On the record as presented the court was satisfied as to the good faith of the petitioners and the ultimate consignees. It was held that the entry of such merchandise at less than the value finally returned upon appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts. The petition was therefore granted.